On Petition for Rehearing
Appellee, as petitioner, now says, for the first time, that “Jafra Steel Corporation was not a new corporation but the same corporation as Jafra, Incorporated, which had been reorganized and changed”. From the pieces of the puzzle which are supplied in the petition for rehearing, some of which petitioner admits are “not in the record of this case”, it now appears to be suggested that no certificates were outstanding representing the 3,450 shares of Jafra Steel Corporation which the appellee Secretary certified, in this record, were owned by Donald W. Stewart, the judgment debtor, and fully paid. It was upon this certificate that the bill of sale issued by the sheriff at the execution sale was predicated. Instead, the judgment debtor was owner and pledgor of certificates representing shares in the differently named corporation, Jafra, Incorporated (we hesitate to call it “the old corporation” or “the predecessor corporation” because appellee would say that this is not so, but we are safe in observing that it had a different name and capital structure from Jafra Steel Corporation, for this is admitted by appellee). These certificates for shares in the differently-named-and-capitalized corporation had not been exchanged for stock in Jafra Steel Corporation before the sheriff's sale.
But both the sheriff and the appellant Berger were entitled to rely upon the certificate executed by the appellee Secretary, and none of the cryptic statements shown by this record to have been made regarding Jafra, Incorporated, or its stock could possibly have put Berger on notice of any matters pertaining to Jafra Steel Corporation. We do not anticipate that the concept of “caveat emptor” prevailing at a sheriff’s sale is pervasive enough to sanction a transaction possessing the incidents of this one.
The appellant Berger was and is entitled to “all the title of the judgment debtor”, F.S. Sec. 55.31, F.S.A. at the time of the execution sale. In this connection, we also call the attention of the parties to F.S. Sec. 614.15, F.S.A. which reads as follows:
“Shares of stock may be attached or levied upon, under execution, as now provided by law, and any sale under attachment or execution, as now provided by law, shall be recognized by the corporation in which such shares were so sold upon production of a bill of sale duly executed by the officer making such sale and a new certificate *71 shall be issued to the purchaser at such sale.”
Our judgment, pronounced in the original opinion, is without prejudice to Berger to proceed under this section to obtain the certificates (if, as appellee suggests, he does not have them), or, if performance under this section has been rendered impossible by the activities of the appellee Secretary as self-appointed adjudicator of the conflicting claims of Berger and the Stew-arts or other pledgees of stock in Jafra, Incorporated, our judgment is without prejudice to Berger to proceed against the responsible parties as he may be advised. As modified herein, our original opinion is adhered to, and the petition for rehearing is denied.
TERRELL, C. J., and HOBSON, DREW and THORNAL, JJ., concur.